Parker C. J.
A disseisor against whom a recovery is had in a writ of entry, has no remedy for any expenditures upon the land, even for rendering it more valuable. Whatever he does is in his own wrong, and when he is obliged by law to yield the possession, he must surrender the land in "ts improved state, if he has improved it.
The St. 1807, c. 75, called the Betterment Law, has altered the common law in this respect, but those who would avail themselves of its privileges must bring themselves within its provisions, and must proceed in the mode which it has directed. The • defendant in the present action would avail himself of the provisions of that law, without having submitted, in the action which tried the right of possession, to the rules prescribed by the statute.
There may be cases in which a defendant in an action of trespass for mesne profits may have an allowance for expenses incurred in maintaining the tenements in a condition to yield a profit ; for it is the net rents and profits only which the plaintiff ought to recover.[1] Keeping up fences to preserve the grass for mowing, labor upon the land to make it productive, &c., would probably be deducted from the gross amount of profits ; but new erections, or changing the character of the soil, are not of this description. The deduction claimed by the defendant in this action is for repairing a well, digging "t *539 deeper, &c. This cannot be allowed, for it is altering and making anew the well, which if the defendant chose to do, it must be at his own cost, especially as he incurred this expense after the action, in which the possession was claimed of him, was commenced. He ought to have surrendered the possession instead of retaining it, and he has no claim in law or equity to a reimbursement of expense which he thus voluntarily incurred.
Judgment according to the verdict,* [2]

 Frear v. Hardenbergh, 5 Johns. R. 272. In this case the party claiming for improvements entered upon the land, knowing that it was not his own, and he was held not entitled to recover for them. So in Strike v. M‘Donald,
2 Harr. & Gill, 191, the claimant for improvements was held not entitled to avail himself of the value of them, because he had made them, being con scious of a defect in his title to the estate on which they were made.
Where a bond fide possessor of land has made valuable and lasting improvements upon it, the value of the improvements thus made in good faith have been allowed to the extent of the rents and profits claimed by the plain tiffs in trespass for mesne profits. Hylton v. Browne, Circ. Court, April 1808 Wharton’s Dig. tit. Ejectment, pl. 74 ; Marie v. Semple, Addison, 215 ; Dormer v. Fortescue, 3 Atk. 134 ; Jackson v. Loomis, 4 Cowen, 168. See Swan v Swan, 8 Price, 518. It was held in Daquin v. Coison, 20 Martin’s Louis. R. 615 to 620, that a possessor is not necessarily such maid fide, from the time a suit is commenced, for he still may have a confidence in the goodness of his title.
See further on this subject, 2 Kent’s Com. (2d ed.), 334 to 338; Steams an Real Actions, (2d ed.), 374 ; 2 Amer. Jurist, 294.